The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Travis Craig Thompson has committed professional misconduct warranting public discipline-namely, engaging in additional client-related misconduct, while subject to private probation, by failing to appear at a court hearing, which resulted in dismissal of the client's case, and failing to adequately communicate with the client, in violation of Minn. R. Prof. Conduct 1.1, 1.3, 1.4(a)(3), 1.4(a)(4), 1.4(b), 3.2, 3.4(c), and 8.4(d).
Respondent and the Director have entered into a stipulation for discipline. In it, respondent waives his procedural rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and unconditionally admits the allegations of the petition. The parties jointly recommend that the appropriate discipline is a public reprimand followed by 2 years of supervised probation. The parties cited several mitigating factors making the recommended disposition appropriate.
This court has independently reviewed the file and approves the jointly recommended disposition.
Based upon all the files, records, and proceedings herein,
IT IS HEREBY ORDERED THAT:
1. Respondent Travis Craig Thompson is publicly reprimanded.
2. Respondent shall pay $900 in costs pursuant to Rule 24, RLPR.
3. Respondent is placed on probation for 2 years, subject to the following terms and conditions:
a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent shall promptly respond to the Director's correspondence by its due date. Respondent shall provide to the Director a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.
b. Respondent shall abide by the Minnesota Rules of Professional Conduct.
c. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Until a supervisor has signed a consent to supervise, the respondent shall on the first day of each month provide the Director with an inventory of active client files described in paragraph d. below. Respondent shall make active client files available to the Director on request.
d. Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation.
*476 With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.
e. Respondent shall initiate and maintain office procedures which ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters that respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.
f. Respondent shall continue current treatment by a licensed consulting psychologist or other mental health professional acceptable to the Director, and shall complete all therapy programs recommended by the therapist and shall attend all recommended therapy sessions. Respondent shall each month (or at such intervals as recommended by his mental health provider) provide the Director with proof of his attendance at recommended therapy sessions.
g. Respondent shall maintain trust account books and records in compliance with Minn. R. Prof. Conduct 1.15 and Appendix 1. The trust account books and records shall include the following: client subsidiary ledgers; checkbook registers; monthly trial balance reports; monthly reconciliation reports; bank statements; canceled checks; duplicate deposit slips; bank reports of interest, service charges, and interest payments to the Minnesota IOLTA Program; and bank wire, electronic, or telephone transfer confirmations. Such books and records shall be made available to the Director within 30 days from the filing of this order and thereafter shall be made available to the Director at such intervals as the Director deems necessary to determine compliance.
BY THE COURT:
/s/ ______________________________
David L. Lillehaug
Associate Justice